IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Jason Michael Boyle,    )  Case No. 8:25-cv-10364-JDA
             )
    Plaintiff,   )
             )
   v.      )  **OPINION AND ORDER**
             )
Danny Singleton, Lawton McIntosh, )
Jim Logan, Oconee County,   )
             )
    Defendants.  )
_____ )

This matter is before the Court on Plaintiff's Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, and Plaintiff's "Motion to Strike Irrelevant and Prejudicial References." [Docs. 1; 9; 14.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On August 13, 2025, the Magistrate Judge issued a Report recommending that the Court dismiss the action without issuance and service of process and without leave to amend. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 17.] Plaintiff filed objections on August 18, 2025. [Doc. 13.] Plaintiff filed his motion to strike on August 22, 2025. [Doc. 14.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Complaint alleges that Defendants engaged in a "sustained, coordinated, and unlawful campaign of retaliation, suppression of speech, and denial of fundamental rights." [*Id.* at 2.] Plaintiff "seeks redress for a series of egregious constitutional violations that culminated in two unlawful incarcerations, a pattern of judicial misconduct, and a complete breakdown of lawful judicial authority in Oconee County, South Carolina." [*Id.*]

On May 24, 2024, Plaintiff visited the Oconee County Probate Court to pay an invoice on behalf of Dorothy Pierce in a matter involving the Estate of Doyle Elton Pierce. [*Id.* at 11]. During this visit, Plaintiff "recorded a brief video in which he expressed his personal opinions critical of [Defendant Probate Judge Danny Singleton]." [*Id.* at 12.] Plaintiff posted the video to YouTube. [*Id.*] On May 29, 2024, Plaintiff returned to the probate court to receive a rule to show cause concerning the events of May 24. [*Id.*]*; see also* RULE TO SHOW CAUSE J. BOYLE, https://www.southcarolinaprobate.net/search/

2

(select Oconee County and search by case number 2020ES3700532). Singleton confronted Plaintiff in the courtroom lobby in the presence of sheriff's deputies and demanded deletion of the video. [Doc. 1 at 12–13.] When Plaintiff refused, Singleton sentenced Plaintiff to ten days in jail for direct contempt. [*Id.* at 13.]

On June 5, 2024, Singleton held a hearing on the rule to show cause. [*Id.*] Singleton sentenced Plaintiff, still in custody on the first sentence, to an additional 60 days in jail. [*Id.* at 14.] Singleton subsequently released Plaintiff and recharged him under a second rule to show cause dated June 6, 2024. [*Id.*] On June 17, 2024, Singleton held a hearing on the second rule to show cause. [*Id.*] Plaintiff proceeded pro se at the hearing, as a representative of the public defender's office testified that the office could not represent Plaintiff in a civil matter. [*Id.* at 14–15.] Singleton sentenced Plaintiff to 50 days in jail. [*Id.* at 15.]

Plaintiff was released from custody on July 17, 2024, pending appeal. [*Id.* at 3, 16.] The order authorizing Plaintiff's release "imposed vague and expansive restrictions on [Plaintiff's] speech, travel, alcohol consumption[,] and firearm possession," and it further stated that Plaintiff could not "speak publicly about [his] case." [*Id.* at 16 (internal quotation marks omitted)]

On July 22, 2024, Defendant Circuit Judge Lawton McIntosh directed Defendant Jim Logan, Singleton's attorney, to draft a rule to show cause holding Plaintiff in contempt for violating the "gag order." [*Id.*] On September 12, 2024, McIntosh issued an order finding Plaintiff in contempt. [*Id.* at 17.]

As the Magistrate Judge recounted,

> Plaintiff asserts the following sixteen causes of action. For a
> first cause of action, Plaintiff alleges a First Amendment

3

violation for retaliation of free speech. For a second cause of action, Plaintiff asserts a claim for violation of the Fourteenth Amendment for denial of due process. For a third cause of action, Plaintiff asserts a claim for the denial of the right to counsel in violation of his Sixth and Fourteenth Amendment rights. For a fourth cause of action, Plaintiff alleges a claim for unlawful seizure and incarceration under the Fourth and Fourteenth Amendments. For a fifth cause of action, Plaintiff asserts a claim for cruel and unusual punishment in violation of the Eighth Amendment. For a sixth cause of action, Plaintiff alleges a Fourteenth Amendment claim for violations of the Equal Protection Clause. For a seventh cause of action, Plaintiff asserts a claim under the Fifth and Fourteenth Amendments for violations of his right to travel. For an eighth cause of action, Plaintiff alleges a claim for "Judicial Misconduct Beyond the Scope of Immunity." For a ninth cause of action, Plaintiff asserts a claim for conspiracy to violate civil rights under 42 U.S.C. § 1983. For a tenth cause of action, Plaintiff alleges a claim for conspiracy to obstruct justice and deny equal protection under 42 U.S.C. §§ 1985(2), (3). For an eleventh cause of action, Plaintiff asserts a supplemental state law claim for false imprisonment. For a twelfth cause of action, Plaintiff alleges a state law claim for abuse of process. For a thirteenth cause of action, Plaintiff alleges a state law claim for intentional infliction of emotional distress. For a fourteenth cause of action, Plaintiff alleges a state law claim for defamation. For a fifteenth cause of action, Plaintiff asserts a state law claim for trespass. For a sixteenth cause of action, Plaintiff alleges a claim for violations of the South Carolina Constitution.

[Doc. 9 at 3–4 (internal citations omitted).] Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, attorneys' fees and costs, and any other just and proper relief. [Doc. 1 at 36–37.]

## DISCUSSION

The Magistrate Judge recommends dismissing the present action without issuance and service of process and without leave to amend. [Doc. 9.] First, the Magistrate Judge concluded that Plaintiff's claims are not properly before the Court under *Younger v. Harris,* 401 U.S. 37 (1971). [Doc. 9 at 9–12.] Second, the Magistrate Judge concluded that

4

Defendant Logan is entitled to dismissal because he is not a state actor. [*Id.* at 12–13.] Third, the Magistrate Judge concluded that Plaintiff's claims against Oconee County fail under *Monell v. Department of Social Services,* 436 U.S. 658 (1978), because Plaintiff did not identify any policy or custom of Oconee County that caused a constitutional violation. [Doc. 9 at 13–14.] Finally, the Magistrate Judge concluded that Defendants Singleton and McIntosh are entitled to dismissal because they are immune from suit. [*Id.* at 14–15.]

Plaintiff filed lengthy objections to the Report. [Doc. 13.] Regarding the Report's conclusion that *Younger* abstention applies, Plaintiff argues that "no ongoing state judicial proceedings exist, extraordinary circumstances demonstrate bad faith and harassment, and Plaintiff lacks an adequate opportunity to raise federal claims in state courts." [*Id.* at 6.] Regarding the Report's conclusion that Logan is not a state actor for purposes of § 1983, Plaintiff argues that "Logan's conduct went far beyond traditional private representation" because he "acted at the direction of state judicial officers" by "drafting contempt pleadings at the instruction of Judge McIntosh's clerk and engaging in ex parte coordination with Judge Singleton and Judge McIntosh." [*Id.* at 12.] Regarding the Report's conclusion that Plaintiff failed to sufficiently allege *Monell* liability, Plaintiff argues that "Oconee County's longstanding indifference to judicial misconduct—including numerous complaints and a documented pattern of abuse—directly caused Plaintiff's injuries." [*Id.* at 13.] Regarding the Report's conclusion that Singleton and McIntosh are entitled to judicial immunity, Plaintiff argues that the actions of Singleton and McIntosh were not judicial in nature because they occurred "in the clear absence of jurisdiction." [*Id.* at 10.] Further, Plaintiff argues that the Magistrate Judge failed to analyze his state-

law claims under 28 U.S.C. § 1367 and failed to address his First Amendment claims. [*Id.* at 16–17, 22.]  Finally, Plaintiff disagrees with the Report's conclusion regarding the futility of further amendment, and he seeks leave to amend the Complaint.  [*Id.* at 14–15.] He includes evidence purportedly supporting amendment of the Complaint.  [*See id.* at 23–40; Docs. 13-1–13-19.]

As explained herein, the Court overrules Plaintiff's objections and accepts the Report of the Magistrate Judge to the extent consistent with this Order.

### *Younger v. Harris*

The Magistrate Judge correctly concluded that *Younger* bars Plaintiff's claims. "In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994).  First, Plaintiff's contempt proceedings remain pending in the South Carolina Court of Appeals. *See* South Carolina Appellate Case Management System, https://ctrack.sccourts.org/public/caseView.do?csIID=81188 (last accessed Mar. 31, 2026).  Second, "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, . . . is surely an important interest," regardless of whether such proceedings are "civil, quasi-criminal, or criminal in nature." *Juidice v. Vail,* 430 U.S. 327, 335 (1977).[1]  Third,  Plaintiff may raise—and apparently *has* raised—

---

[1] The Magistrate Judge determined that "probate and estate administration proceedings implicate important state interests."  [Doc. 9 at 11.]  However, the undersigned believes

his federal claims in his pending state-court appeal. *See, e.g.,* South Carolina Appellate Case Management System, Final Brief – Appellant, https://ctrack.sccourts.org/public/ caseView.do?csIID=81188 (last accessed Mar. 31, 2026).

In his objections, Plaintiff appears to misunderstand the meaning of the phrase "ongoing proceeding." [*See* Doc. 13 at 6 (arguing that *Singleton's actions* were "extrajudicial acts, not proceedings"), 7 ("[W]hat occurred in Plaintiff's case was not an 'ongoing proceeding' entitled to deference, but a continuation of a pattern of abuse.").] For purposes of *Younger* abstention, the phrase "ongoing proceeding" refers to Plaintiff's pending state-court appeal, not the underlying conduct challenged by Plaintiff.[2]

Additionally, Plaintiff has not demonstrated that "extraordinary circumstances" justify federal intervention in the pending state-court proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017). Plaintiff's so-called "extraordinary circumstances"—"repeated incarcerations without case numbers or charges; double jeopardy for the same alleged conduct; denial of counsel despite approved eligibility; ex parte coordination between a judge's private attorney and another court; and retaliatory contempt imposed during the automatic stay of an appeal" [Doc. 13 at 8–9]—are matters that the South Carolina Court of Appeals may adequately address in the pending appeal. Relatedly, Plaintiff fails to allege any facts to support his conclusory statement that the

---

the more salient inquiry is whether the *contempt proceedings* implicate important state interests, as this matter does not concern the underlying merits of the probate case.

[2] That Singleton's initial contempt order purportedly lacked a case number or a docket entry does not invalidate the proceedings, as "[d]irect contempt that occurs in the court's presence may be immediately adjudged and sanctioned summarily." *Brandt v. Gooding,* 630 S.E.2d 259, 264 (S.C. 2006). Moreover, "South Carolina courts have always taken a liberal and expansive view of the 'presence' and 'court' requirements." *State v. Kennerly,* 524 S.E.2d 837, 838 (S.C. 1999).

pending appeal "cannot remedy harms already caused by [the lower] courts." [Doc. 13 at 8.]

**Jim Logan**

The Magistrate Judge correctly concluded that Logan—Singleton's privately retained counsel in Plaintiff's appeal to the Oconee County Court of Common Pleas—did not act under color of state law for purposes of § 1983. Even if Logan drafted a proposed order at the direction of McIntosh or engaged in ex parte communications as Plaintiff alleges [*see* Doc. 13 at 12], such acts do not rise to the level of state action.[3]  *See Goldstein v. Chestnut Ridge Volunteer Fire Co.,* 218 F.3d 337, 342 (4th Cir. 2000) (describing the circumstances in which a private party acts under color of state law); *Burt v. Barry,* 962 F. Supp. 185, 188 (D.D.C. 1997) ("[The plaintiff] claims that [the defendant] 'acted in concert with [the judge] under color of [s]tate law to deny [her] a right to a fair trial by conspiring through ex parte communication to produce a verdict based upon extrajudicial considerations of personal animosity and financial gain . . . .'  But [the defendant] appeared in [c]ourt as privately retained counsel . . . .  Under such circumstances, . . . [the defendant] was not acting 'under color of state law.'" (some alterations in original)).

**Oconee County**

The Magistrate Judge correctly concluded that Plaintiff did not sufficiently allege municipal liability under *Monell*.  Plaintiff's conclusory assertion that "Oconee County's

---

[3] Plaintiff submitted a copy of the email in which Judge McIntosh's law clerk asked Logan to prepare an order to show cause.  [Doc. 13-8.]  Plaintiff appears to be copied on that email.  [*Id.*; *compare to* Doc. 13 at 30 ("The email confirms improper ex parte coordination between Singleton, Logan, and McIntosh, as all communications occurred without Plaintiff's knowledge or participation.")]

longstanding indifference to judicial misconduct . . . directly caused Plaintiff's injuries" [Doc. 13 at 13] is not sufficient to survive dismissal. *See Washington v. Hous. Auth. of the City of Columbia,* 58 F.4th 170, 182 (4th Cir. 2023) ("[A] plaintiff must identify 'a *specific* deficiency' and establish that deficiency's causal connection to 'the *specific* violation.'").

**Danny Singleton and Lawton McIntosh**

The Magistrate Judge correctly concluded that Defendants Singleton and McIntosh are entitled to absolute judicial immunity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). First, Plaintiff has not plausibly alleged that Singleton acted in the clear absence of all jurisdiction by finding Plaintiff in direct contempt in the lobby of the probate court. [Doc. 13 at 10.] As previously stated, "[d]irect contempt that occurs in the court's presence may be immediately adjudged and sanctioned summarily," *Brandt v. Gooding*, 630 S.E.2d 259, 264 (S.C. 2006), and "South Carolina courts have always taken a liberal and expansive view of the 'presence' and 'court' requirements," *State v. Kennerly*, 524 S.E.2d 837, 838 (S.C. 1999). Likewise, Plaintiff has not plausibly alleged that McIntosh acted in the clear absence of all jurisdiction by entering a rule to show cause prepared by Singleton's counsel, imposing contempt sanctions, or substituting the probate case number for the appellate case number. [Docs. 13 at 11; 13-9; *see also* Doc. 9 at 15 ("Plaintiff's allegations show that the rulings and orders issued by the Judicial Defendants, including their findings of contempt and sentencing of Plaintiff to incarceration, arose during or

9

related to their actions as judges in matters pending before the court.  Plaintiff has not alleged facts to show that their conduct exceeded the scope of their jurisdiction.  As such, the Judicial Defendants are entitled to absolute immunity for the claims asserted against them.")].

Based on the foregoing reasons, all of Plaintiff's claims are subject to dismissal. Because these reasons are dispositive, the Court need not address Plaintiff's objections regarding his state-law or First Amendment claims.

**Leave to Amend**

The Court construes Plaintiff's objections to contain a request for leave to amend the Complaint.  [*See, e.g.,* Doc. 13 at 14–15.]  However, as the Magistrate Judge correctly concluded, amendment would be futile.  [Doc. 9 at 16 n.5.]  Indeed, Plaintiff's proposed amendments do not cure the Complaint's identified deficiencies.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (explaining that leave to amend a pleading should be denied when the amendment would be futile); 35B C.J.S. Federal Civil Procedure § 847 (2025) ("When dismissing case for failure to state claim, the district court should not dismiss with prejudice unless it has determined that amendment would be futile, as when it appears that the complaint cannot be amended to cure the deficiency.") (footnote omitted).  Nor does Plaintiff submit a proposed amended complaint that is complete in itself.  *See Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 10449206, at *1 (D.S.C. Jan. 24, 2023) (denying a motion to amend the complaint based on the plaintiff's failure to file a proposed amended complaint and stating that "[a] plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an amended complaint

10

"should be complete in itself" (internal quotation marks omitted)).  Plaintiff's request to amend the Complaint is therefore denied.

**Motion to Strike**

As previously stated, Plaintiff filed a self-titled "Motion to Strike Irrelevant and Prejudicial References." [Doc. 14.]  Plaintiff contends that all references to Dorothy Pierce in the Report are irrelevant and prejudicial.  [*Id.*]  However, the Magistrate Judge included information about Dorothy Pierce's litigation history as mere context and presented it in an objective manner.  [*See* Doc. 9 at 5–6.]  In any case, the contested information— whether omitted or included—would not alter the Court's analysis.  The Court thus denies the motion.

<u>**CONCLUSION**</u>

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference to the extent consistent with this Order.  Accordingly, Plaintiff's Complaint [Doc. 1] is DISMISSED with prejudice, not on the merits, under *Younger*, *see Nivens v. Gilchrist,* 444 F.3d 237, 247 (4th Cir. 2006), and for the additional reasons described above.  Plaintiff's motion to strike [Doc. 14] is DENIED.

IT IS SO ORDERED.

<u>s/Jacquelyn D. Austin</u>
United States District Judge

March 31, 2026
Greenville, South Carolina

11

## <u>NOTICE OF RIGHT TO APPEAL</u>

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.